TROY LAW, PLLC
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Tel. (718) 762-1324
troylaw@troypllc.com
*Attorneys for the Plaintiffs and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
KULWINDER SINGH, and
BIKRAMJIT SINGH,
*on behalf of themselves and others similarly situated,*
                        Plaintiffs,

            v.

MEADOW HILL MOBILE INC.
       d/b/a Meadow Hill Mobil Mart,
MH MOBIL 300 INC.
       d/b/a Meadow Hill Mobil Mart,
ABUJABER HAZIM, and
AHMED GHADEER
       a/k/a Ahmagh Alghadeer Alkhalaih
       a/k/a Alghadeer Alkhalaih,
                        Defendants.
-------------------------------------------------------------------x

Case No. 23-cv-05379

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs KULWINDER SINGH and BIKRAMJIT SINGH (hereinafter referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants MEADOW HILL MOBILE INC. d/b/a Meadow Hill Mobil Mart; MH MOBIL 300 INC. d/b/a Meadow Hill Mobil Mart; ABUJABER HAZIM, and AHMED GHADEER a/k/a Ahmagh Alghadeer Alkhalaih a/k/a Alghadeer Alkhalaih,(Collectively referred to as "Defendants") and allege the following based upon personal knowledge as to themselves and their own acts, and upon information and belief and the investigation by the Plaintiffs' counsel, Plaintiffs believe that substantial additional

evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## INTRODUCTION

1.      This is an action for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this controversy under Section 1331 of Title 28 of the United States Code.

3.      Venue is proper in the Southern District of New York pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code.

## ADMINISTATIVE REQUIREMENTS

4.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under 26 U.S.C. § 7434 Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

5.      Plaintiffs have satisfied all conditions precedent, or they have been waived.

## PLAINTIFFS

6.      From on or about May 01, 2016 to March 2, 2020, Plaintiff KULWINDERSINGH was employed by Defendants to work as a Gas Station Minimart Attendant at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, NY 12550.

7.      From on or about October 01, 2018 to March 9, 2020, Plaintiff BIKRAMJIT SINGH was employed by Defendants to work as a Gas Station Minimart Attendant at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, NY 12550.

## **DEFENDANTS**

*Corporate Defendants*

### *MEADOW HILL MOBILE INC.*

8. Defendant MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 1423 Route 300, Newburgh, NY 12550.

9. MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart purchased and handled goods moved in interstate commerce.

### *MH MOBIL 300 INC.*

11. Defendant MH MOBIL 300 INC. d/b/a Meadow Hill Mobil Mart is a domestic business corporation organized under the laws of the State of New York with a principal address at 37 W. Redoubt Road, Fishkill, NY 12524.

12. MH MOBIL 300 INC. d/b/a Meadow Hill Mobil Mart is a business engaged in interstate commerce that has gross sales in excess of one hundred thousand dollars ($100,000) per year.

13. MH MOBIL 300 INC. d/b/a Meadow Hill Mobil Mart purchased and handled goods moved in interstate commerce.

*Individual Defendants*

14. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants.

15. ABUJABER HAZIM is onwer of MEADOW HILL MOBILE INC d/b/a Meadow

Hill Mobil Mart Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart.

16. ABUJABER HAZIM actually hired the Plaintiffs.

17. ABUJABER HAZIM actually fired the Plaintiffs.

18. ABUJABER HAZIM acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, NYLL § 2 and regulations promulgated thereunder, and is jointly and severally liable with MEADOW HILL MOBILE, INC. d/b/a Meadow Hill Mobile Mart.

19. AHMED GHADEER is the partner of MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MEADOW HILL MOBILE, INC d/b/a Meadow Hill Mobil Mart.

20. AHMED GHADEER used to give instructions to the Plaintiffs on how to do their work.

21. AHMED GHADEER acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, NYLL § 2, and regulations promulgated thereunder and is jointly and severally liable with MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobile Mart.

## STATEMENT OF FACTS

*Plaintiff Kulwinder Singh*

22. During the relevant term, Defendants provided Plaintiff with copies of Form W-2

that Defendants filed with the United States Internal Revenue Service ("IRS"), each of which reflected only the wages that Plaintiff was paid by check and omitted Plaintiff's wages in cash.

23. A Form W-2 is a Wage and Tax Statement and an information return as defined by 26 U.S.C. § 6724(d)(1).

24. During the relevant term Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

25. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 each violation or the sum of any actual damages sustained by Plaintiff, costs of the action and reasonable attorneys' fees.

26. Upon information and belief, Defendants filed Form W-3 Transmittal of Wage and Tax Statement with the entire copies A pages of Form(s) W-2 and/or Form 1096 with Form(s) 1099 to the IRS at the end of each year during this employment term.

27. Upon information and belief, Defendants filed said fraudulent information at the Paragraph "Salaries and wages (less employment credits)" on the Form 1120s, Form 1065s and/or Schedule Cs of Form 1040s to the IRS each & every year during the employment term.

28. Upon information and belief, during the relevant term Defendants filed Form 941 Employer's Quarterly for each quarter (Quarter 1: January through March; Quarter 2: April through June; Quarter 3: July through September; Quarter 4: October through December) with the incorrect wages on Line 2 "Wages, tips, and other compensation." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiffs grossly understates the amount of wages they received for each year.

29. Upon information and belief, during the relevant term Defendants filed the 940 Annual Federal Unemployment (FUTA) Tax Return in Line 3 "Total payment to all employees." The basis of that knowledge is that the wages as reported on the W-2s received by Plaintiffs grossly understates the amount of wages they received for each year.

30. Upon information and belief, during the relevant term Defendants filed the 945 Annual Return of Withheld Federal Income Tax in Line 3 "Total taxes." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiffs grossly understates the amount of wages they received for each year.

### *Plaintiff Bikramjit Singh*

31. During the relevant term, Defendants provided Plaintiff with a copy of Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS"), which reflected only the wages that Plaintiff was paid by check and omitted Plaintiff's wages in cash.

32. A Form W-2 is a Wage and Tax Statement and an information return as defined by 26 U.S.C. § 6724(d)(1).

33. During the relevant term, Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

34. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 each violation or the sum of any actual damages sustained by Plaintiff, costs of the action and reasonable attorneys' fees.

35. Upon information and belief, Defendants filed Form W-3 Transmittal of Wage and Tax Statement with the entire copies A pages of Form(s) W-2 to the IRS and/or Form 1096 with Form(s) 1099 at the end of the year during this employment term.

36. Upon information and belief, Defendants filed said fraudulent information at the Paragraph "Salaries and wages (less employment credits)" on the Form 1120s, Form 1065s and/or Schedules C of Form 1040s to the IRS each & every year during the employment.

37. Upon information and belief, during the relevant term Defendants filed Form 941 Employer's Quarterly for each quarter (Quarter 1: January through March; Quarter 2: April through June; Quarter 3: July through September; Quarter 4: October through December) with the incorrect wages on Line 2 "Wages, tips, and other compensation." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiffs grossly understates the amount of wages they received for each year.

38. Upon information and belief, during the relevant term Defendants filed Form 940 Annual Federal Unemployment (FUTA) Tax Return in Line 3 "Total payment to all employees." The basis of that knowledge is that the wages as reported on the W-2s received by Plaintiffs grossly understates the amount of wages they received for each year.

39. Upon information and belief, during the relevant term Defendants filed the 945 Annual Return of Withheld Federal Income Tax in Line 3 "Total taxes." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiffs grossly understates the amount of wages they received for each year.

## RULE 23 CLASS ACTION ALLEGATIONS

40. Plaintiffs bring their internal Revenue Code claims as a class action pursuant to FED. R. Civ. P. 23 on behalf of himself individually and on behalf of all persons employed by Defendants during the six-year limitation period (the "IRC Class Period") who were subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

41. The members of the IRC Class, like Plaintiffs, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

42. The claims of Plaintiffs described herein are typical of the claims of the IRC Class they seek to represent.

43. Plaintiffs will fairly and adequately represent and protect the interests of the IRC Class and have retained counsel competent and experienced in complex class actions and employment litigation.

44. Common questions of law and fact exist as to the IRC Class, and predominate over any questions affecting only individual members of the IRC Class, which include, but are not limited to, the following:

    A. Whether Defendants filed fraudulent information returns with the IRS as to Plaintiffs and the IRC Class;

    B. Whether Defendants reported that Plaintiff and the IRC Class received taxable income on account of unpaid wages and/tips;

    C. Whether Defendants reported that Plaintiff and the IRC Class were provided wages and/or tips that were not actually provided;

    D. Whether taxable income was imputed to Plaintiff and the IRC Class for unpaid wages;

    E. Whether Plaintiff and the IRC Class suffered increased tax liability on account of Defendants' filing of false information returns; and

    F. Whether Defendants' violations of the Internal Revenue Code were willful.

45. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

46. Plaintiffs are members of the IRC Class that they seek to represent. Plaintiffs' claims are typical or the claims of the IRC Class. The relief Plaintiffs seek for the unlawful policies and practices complained of therein are also typical of the relief which is sought on behalf of the IRC Class.

47. Plaintiffs' interests are co-extensive with those of the IRC Class that they seek to

represent in this case. Plaintiffs are willing and able to represent the IRC Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

48. Defendants have acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief appropriate with respect to the IRC Class as a whole.

49. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' Individual and class-wide liability and the essential predicate for Plaintiffs' and the IRC Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

50. The common issues of fact and law affecting Plaintiffs' claims and those of the IRC Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

51. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the IRC Class. There will be no difficulty in the management of this action as a class action.

52. The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiffs and the IRC Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large

class of potential plaintiffs litigating identical claims. The claims of the IRC Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the IRC Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

53. The IRC Class is so numerous that joinder of all member is impracticable. While the exact number of the IRC Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 similarly-situated persons who ere/are employed by defendants on whose behalf Defendants filed fraudulent information returns with the IRS during the IRC Class period.

54. Plaintiffs are currently unaware of the identities of the members of the IRC Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants on whose behalf Defendants filed fraudulent information returns during the IRC Class Period, along with their last known address, telephone numbers and e-mail address, so Plaintiffs can give the IRC Class Notice of this Action and an opportunity to make an informed decision about whether to participate in it.

### STATEMENT OF CLAIMS

#### COUNT I.
**[Violation of IRC § 7434**
**Brought on behalf of Plaintiffs and/or Alternatively, the IRC Class]**

55. Plaintiffs, on behalf of himself and the IRC Class, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. 26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other

person may bring a civil action for damages against the person filing such information return.

57. As set forth above, during the IRC Class Period, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiffs and the IRC Class. These information returns falsely stated that taxable income was received by Plaintiffs and the IRC Class in the form of wages of which there is no concrete record of payment. As a result, Plaintiffs and the IRC Class suffered increased tax liability.

58. Defendants' violations of 26 U.S.C. § 7434 entitle Plaintiffs and the IRC Class to recover damages or the greater of: $5,000 person each or the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing), plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and Rule 23 Class members, respectfully request that this Court enter a judgment providing the following relief:

a) Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 as to the IRC Class;

b) Determine the damages sustained by Plaintiffs and the IRC Class as a result of Defendants' violations of the IRC and/or its regulations, and award those damages against Defendants and in favor of Plaintiffs and the IRC Class, plus such pre-judgment and post Judgment interests as may be allowed by law;

c) Designate Plaintiffs as representatives of the IRC class;

d) Designate Troy Law, PLLC as class counsel as to the IRC Class;

e) Award Plaintiffs or **alternatively** the IRC Class an award of punitive damages;

f) Award Plaintiffs and the IRC Class their reasonable attorneys' fees and costs;

g)    If the class is not certified, award Plaintiffs liquidated damages;

h)    Grant Plaintiffs and the IRC Class such other and further relief that the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rules 38(b) and (c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: June 25, 2023
      Flushing, New York

           TROY LAW, PLLC
           *Attorneys for Plaintiffs and potential Rule 23 Class*

           */s/ John Troy*
           John Troy
           Tiffany Troy
           41-25 Kissena Boulevard
           Suite 110
           Flushing, NY 11355
           Tel. (718) 762-1324
           troylaw@troypllc.com