# ARCIERO MCMILLAN & BURGESS, PC

299 Windsor Highway
New Windsor, NY 12553
(845) 420-7877
Fax: (845) 784-4997
www.ambpclaw.com

Daniel C. Stafford
dstafford@ambpclaw.com

November 8, 2023

**VIA EFILE ONLY**
Hon. Phillip M. Halpern
Federal Building and US Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

> Application granted to the extent that Defendants are permitted to proceed with the filing of their pre-motion letter.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 17.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         November 9, 2023

Re:    Singh v. Ghadeet et al
       Case No.: 23-cv-05379
       AM&B File No.: 1185

Dear Judge Halpern,

Please be advised that this firm represents all Defendants in the above-referenced proceeding.  On October 30, 2023, we served a pre-motion letter on Plaintiffs' counsel, John Troy, Esq., pursuant to Rule 4(c)(ii) of Your Honor's Part Rules governing pre-motion correspondence.  A copy of the letter is enclosed for your reference.  Mr. Troy's response was due on November 6, 2023, and I have yet to receive anything from him.

Furthermore, on October 26, 2023, I was compelled to write to the Court and seek an extension of the initial deadline to respond to the Complaint due to Mr. Troy's lack of response to my request. (ECF Doc. No. 14).  The Court graciously extended the deadline to November 17, 2023 (ECF Doc. No. 15).

At this point, I have emailed, called, and sent Mr. Troy correspondence by mail.  It is highly unlikely that he has not received any of these communications.  Rather, I suspect he lacks enthusiasm for prosecuting this matter because he is well aware the Complaint is subject to dismissal under the doctrine of *res judicata*.

Given the impending deadline of November 17, 2023, I respectfully ask the Court to either direct Mr. Troy to expeditiously respond to the enclosed correspondence of October 30, 2023, or in the alternative, permit the undersigned to proceed with filing a formal pre-motion letter pursuant to Rule 2(c).

No previous request has been made for the relief sought herein.  Thank you for your consideration.

Very truly yours,

ARCIERO MCMILLAN & BURGESS, PC

By:  _____
          Daniel C. Stafford, Esq.

DCS/ct

Cc: John Troy, Esq.

# ARCIERO MCMILLAN & BURGESS, PC

299 Windsor Highway
New Windsor, NY 12553
(845) 420-7877
Fax: (845) 784-4297
www.ambpclaw.com

Daniel C. Stafford
*dstafford@ambpclaw.com*

Tarrytown Office
220 White Plains Road, Suite 280
Tarrytown, NY 10591
(914) 407-4767

October 30, 2023

**<u>VIA EMAIL (troylaw@troypllc.com) AND USPS</u>**
Troy Law, PLLC
Attn:  John Troy, Esq.
41-25 Kissena Boulevard, Suite 110
Flushing, New York 11355

Re:     Singh v. Ghadeer et al
         Case No.: 23-cv-05379
         AM&B File No.: 1185

Dear Mr. Troy,

As you are aware, this firm represents the Defendants in the above-referenced proceeding.  I write pursuant to Rule 4(c)(ii) of Judge Halpern's Individual Part Rules governing pre-motion correspondence.

On May 19, 2020, your clients commenced a legal proceeding against Meadow Hill Mobil, Inc., Abujaber Hazim, and Ahmed Ghadeer (Case No. 20-cv-853-CS-AEK; the "First Complaint"), which asserted the following causes of action:

| | |
|---|---|
| I: | Failure to pay minimum wages under the New York State Labor Law ("NYLL"); |
| II: | Failure to pay overtime under the Fair Labor Standards Act ("FLSA"); |
| III: | Failure to pay overtime under NYLL; |
| IV: | Failure to pay spread of hours pay under NYLL; |
| V: | Failure to provide meal periods under NYLL; |
| VI: | Failure to keep accurate records of hours worked under NYLL; |
| VII: | Failure to provide a time of hire wage notice under NYLL; and |
| VIII: | Failure to provide adequate and accurate wage statements under NYLL. |

On December 6, 2021, you obtained a default judgment against the Defendants on each cause of action set forth in the Frist Complaint.

On November 23, 2021, you commenced a second proceeding (21-cv-08499-CS; the "Second Complaint") on behalf of the same Plaintiffs against entities that are affiliated with the Defendants named in the first proceeding (MH Mobil 300, Inc. and MH Mobile, Inc.).  The Second Complaint asserted essentially the same causes of action that were asserted in the First Complaint, to wit:

|     |     |
| --- | --- |
| I: | Failure to pay minimum wages under NYLL; |
| II: | Failure to pay overtime under FLSA; |
| III: | Failure to pay overtime under NYLL; |
| IV: | Failure to pay spread of hours pay under NYLL; |
| V: | Failure to keep accurate records of hours worked under NYLL; |
| VI: | Failure to provide time of hire wage notice under NYLL; and |
| VII: | Failure to provide adequate wage statements under NYLL. |

As you are aware, the second proceeding is being actively litigated on the merits.  Discovery has concluded and a motion for summary judgment pursuant to FRCP 56 is pending.

On June 26, 2023, you commenced the instant proceeding by filing yet another complaint (the "Third Complaint") on behalf of the same Plaintiffs.  The Third Complaint names Meadow Hill Mobil, Inc., MH Mobil 300, Inc., Abujaber Hazim, and Ahmed Ghadeer as Defendants.  The pleading asserts only one claim:  a private right of action under Section 7434 of the Internal Revenue Code ("IRC") for willfully filing tax returns that contained inaccurate wage information.

All causes of action in each of the proceedings stem from the Plaintiffs' employment as gas station attendants at Meadow Hill Mobile Mart in Newburgh, New York from May 1, 2016 to March 2, 2020 (in the case of Kulwinder Singh), and October 1, 2018 to March 9, 2020 (in the case of Bikramjit Singh).  Similarly, and more significantly, all causes of action relate to alleged violations of State and Federal laws governing wage payments, notifications, and reporting requirements.

It is the Defendants' intention in the instant proceeding to move to dismiss the Third Complaint pursuant to the doctrine of *res judicata*.  Under the doctrine of *res judicata*, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were **or could have been raised** in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (emphasis added; internal quotations omitted). "*Res* judicata will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books, LLC v. United States*, 438 F. App'x 31, 33 (2d Cir. 2011) (internal citations and quotation marks omitted).

As applied to the case at bar, the Plaintiffs obtained a default judgment on December 6, 2021 against Meadow Hill Mobil, Inc., Abujaber Hazim, and Ahmed Ghadeer on the seven causes of action set forth in the First Complaint.  A default judgment is typically considered a final judgment on the merits sufficient to invoke *res judicata. Aghaeepour v. N. Leasing Sys.*, 378 F. Supp. 3d 254, 265 (S.D.N.Y. May 8, 2019) (citing *Lazides v. P&G Enterprises*, 58 A.D.3d 606 (2d Dept. 2009)).  Accordingly, claims that were brought in the first action, or those arising from the same series of transactions that could have been brought, cannot be litigated again.  The fact that judgment was obtained by entry of default is wholly irrelevant.

Furthermore, the fact that the sole claim in the Third Complaint arises under the IRC, rather than the NYLL or FLSA, does not afford the Plaintiffs another bite at the apple.  Under New York's transactional analysis approach to *res judicata*, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* at 269.  Put another way, "a plaintiff cannot avoid the effects of *res judicata* by splitting his claims into various suits, based on different legal theories." *Aghaeepour, supra* (quoting Restatement (Second) of Judgments §24(2)).

Asserting a private right of action under IRC §7434 that could have been brought with related wage and hour claims is the epitome of claim splitting.  The First and Third Complaints contain similar allegations of inaccurate and inadequate recordkeeping and reporting.  For example, the First Complaint alleges that "Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs…" (First Complaint, ¶87).  It also asserted wage notice and wage statement violations, which center on the Defendants' alleged failure to disclose accurate information on paystubs regarding rates of pay, allowances and deductions.

These allegations share a common nucleus of fact with the Third Complaint, which alleges that Plaintiff's W-2 forms contained inaccurate information related to payment of wages.  It acknowledges that, "a Form W-2 is a Wage and Tax <u>Statement</u>…." (Third Complaint, ¶32) (emphasis added).  Clearly, the allegations that Defendants filed inaccurate wage statements with taxing authorities should have been coupled with allegations that they provided inaccurate wage statements directly to the employees.  It is indisputable that these claims arise out of the same series of transactions.

The doctrine of *res judicata* exists "to ensure that litigants to do not get two bites at the apple and waste judicial resources relitigating issues that have or could have already been decided." *Aghaeepour, supra*, 378 F. Supp. 3d at 265.  Here, the Plaintiffs have already had a bite at the proverbial apple, and they have a judgment to show for it.  Their ancillary claims under IRC §7434 are now subject to dismissal as a result.

In closing, I note two other issues that will be addressed in the Defendants' motion to dismiss. First, Abujaber Hazim and Ahmed Ghadeer, in their individual capacities, were never the Plaintiffs' employers.  The W-2's annexed to the Third Complaint conclusively establish the defense that they are not proper parties to this proceeding.  Second, any damages attributable to the period of time prior to June 27, 2017 would be time barred pursuant to IRC §7434(c)(1) if the Third Complaint survives the motion to dismiss.

Pursuant to Rule 4(c)(ii) of Judge Halpern's Rules of Practice, a response to this correspondence must be served on the undersigned within five business days.

Very truly yours,

ARCIERO MCMILLAN & BURGESS, PC

By: _____

Daniel C. Stafford, Esq.

cc:   Abujaber Hazim
Ahmed Ghadeer