UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KULWINDER SINGH and BIKRAMIJT SINGH, on behalf of themselves and others similarly situated,

                            Plaintiffs,

-against-

MEADOW HILL MOBILE INC., MH MOBIL 300 INC., ABUJABER HAZIM, and AHMED GHADEER,

                            Defendants.

**OPINION & ORDER**

23-CV-05379 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Kulwinder Singh and Bikramjit Singh ("Plaintiffs") commenced this putative class action on June 25, 2023 against Meadow Hill Mobile Inc., MH Mobil 300 Inc., Abujaber Hazim, and Ahmed Ghadeer (together, "Defendants" or the "*Singh III* Defendants"), asserting a single claim for filing fraudulent tax returns in violation of Internal Revenue Code ("IRC") §7434. (Doc. 1, "Compl.").

    Defendants, pursuant to the briefing schedule set by the Court, served their motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on February 26, 2024. (Doc. 23; Doc. 25; Doc. 26, "Def. Br."). Plaintiffs served their opposition on March 25, 2024 (Doc. 24, "Pl. Br."), and Defendants' motion was fully briefed with the filing of their reply and all motion papers on April 8, 2024 (Doc. 27, "Reply").

    For the reasons set forth below, the motion to dismiss is GRANTED.

**BACKGROUND**

I. Procedural History

Plaintiffs brought three actions arising out of their employment as gas station attendants at Meadow Hill Mobil Mart.

On May 19, 2020, Plaintiffs filed the first action, *Singh et al. v. Meadow Hill Mobile, Inc. et al.*, 20-CV-03853 ("*Singh I*"), against Meadow Hill Mobil, Inc., Abujaber Hazim, and Ahmed Ghadeer (together, the "*Singh I* Defendants"), asserting various claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See Singh I* Doc. 1, "*Singh I* Compl."). On December 6, 2021, the court entered a default judgment against the *Singh I* Defendants. (*Singh I* Doc. 46; *Singh I* Doc. 57).

On October 15, 2021, Plaintiffs filed the second action, *Singh et al. v. MH Mobile 300 Inc.*, 21-CV-08499 ("*Singh II*"), against MH Mobil 300 Inc. and MH Mobile Inc. (together, the "*Singh II* Defendants"), asserting identical claims for relief as asserted in *Singh I*. (*See Singh II* Doc. 1, "*Singh II* Compl."). On September 11, 2024, after the filing of the instant motion, the *Singh II* Defendants' motion for summary judgment was granted. (*See Singh II* Doc. 44).[1]

Plaintiffs filed the instant action ("*Singh III*") on June 25, 2023. (*See* Compl.). Three of the four *Singh III* Defendants—Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc.— were parties to *Singh I*. The remaining *Singh III* Defendant—MH Mobil 300 Inc. ("MH Mobil 300")—was a party to *Singh II*.

On November 14, 2023, Defendants filed a pre-motion letter regarding their anticipated motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] This decision is available on commercial databases. *See Singh v. MH Mobil Inc.*, No. 21-CV-08499, 2024 WL 4169551, at *1 (S.D.N.Y. Sept. 11, 2024).

(Doc. 19, "Def. PMC Ltr."). Plaintiffs filed their response to the pre-motion letter on November 22, 2023. (Doc. 20, "Pl. PMC Ltr."). At the pre-motion conference held on January 29, 2024, the Court indicated that it would construe Defendants Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc.'s pre-motion letter as the motion itself, along with Plaintiffs' responsive pre-motion letter as opposition thereto, and rule on the papers with respect to these defendants. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (finding the Court did not abuse its discretion in construing the parties' letter-motions as the motions themselves and ruling on them); *see also* Individual Practices of Halpern, J., Rule 2(C). Accordingly, the Court directed the parties to limit their briefing on the motion to dismiss to Defendant MH Mobil 300.

II.     Factual History

Plaintiffs allege that they were employed by Defendants as gas station attendants at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, New York 12550. (Compl. ¶¶ 6-7). Plaintiff Kulwinder Singh was employed from on or about May 1, 2016 to March 2, 2020, and Plaintiff Bikramjit Singh was employed from on or about October 1, 2018 to March 9, 2020. (*Id.*). Plaintiffs further allege that "[t]he Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants."[2] (*Id.* ¶ 14).

Defendants allegedly provided Plaintiffs with copies of W-2's that reflected only the wages that Plaintiffs were paid by check and omitted wages paid in cash. (*Id.* ¶¶ 22, 31). Plaintiffs, accordingly, allege that Defendants willfully filed fraudulent information with the Internal Revenue Service ("IRS") by filing these W-2's as well as other tax forms that "grossly understate[] the amount of wages they received for each year." (*Id.* ¶¶ 24-30, 33-39).

---

[2] The Complaint refers to Meadow Hill Mobile Inc. and MH Mobil 300 Inc. as the "Corporate Defendants" and Abujaber Hazim and Ahmed Ghadeer as the "Individual Defendants." (Compl. ¶¶ 8-21).

3

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Defendants, in reality, assert that this action must be dismissed because of the applicability of the affirmative defense of *res judicata*. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It is well-settled that "[a] res judicata challenge 'may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).'" *Iotova v. Patel*, 293 F. Supp. 3d 484, 487 (S.D.N.Y. 2018) (quoting *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)), *adopted by* No. 17-CV-06594, 2018 WL 3642623 (S.D.N.Y. Aug. 1, 2018); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice.").

## ANALYSIS

Plaintiffs assert a single claim for violation of IRC §7434 against the *Singh III* Defendants. (Compl. ¶¶ 55-58). The *Singh III* Defendants' primary argument for dismissing the Complaint is that Plaintiffs' claim is barred by the affirmative defense of the doctrine of *res judicata*. (Def. PMC Ltr. at 2; Def. Br. at 4; Reply at 3-5).

To establish the affirmative defense of *res judicata*, Defendants "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

### I.     Defendants Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc.

The Court turns first to Plaintiffs' IRC claim asserted against Defendants Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc., all of whom were named defendants in *Singh I*.

5

As explained *supra*, with respect to these defendants, the Court considers the arguments contained in Defendants' pre-motion letter in support of their motion to dismiss and Plaintiffs' responsive letter in opposition to the motion to dismiss. *See In re Best Payphones, Inc.*, 450 F. App'x at 15.

Plaintiffs only challenge the third prong of the *res judicata* analysis—whether "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285. (Pl. PMC Ltr. at 1-2). Defendants argue that both the *Singh I* and *Singh III* complaints "contain similar allegations of inaccurate and inadequate recordkeeping and reporting," and that the allegations in *Singh I* share a common nucleus of fact with the allegations in *Singh III*. (Def. PMC Ltr. at 3). Defendants argue, therefore, that "the allegations that Defendants filed inaccurate wage statements with taxing authorities should have been coupled with allegations that they provided inaccurate wage statements directly to the employees." (*Id*.). Plaintiffs respond that the allegations regarding their receipt of fraudulent tax forms "ha[ve] nothing to do with if [Plaintiffs] were paid within the provisions of the FLSA and NYLL." (Pl. PMC Ltr. at 2).

The Court agrees with Defendants that Plaintiffs' IRC claim "could have been raised" against these defendants in *Singh I*. *Monahan*, 214 F.3d at 284 (quoting *Allen*, 449 U.S. at 94). The allegations in both actions pertain to the same periods of Plaintiffs' employment as gas station attendants at Meadow Hill Mobil Mart.[4] (*Singh I* Compl. ¶¶ 7-8; Compl. ¶¶ 6-7). The *Singh I*

---

[4] Defendants annex to the Affidavit of Daniel C. Stafford, Esq., copies of the *Singh I* complaint, the *Singh I* judgment, and the *Singh II* complaint. (Doc. 25-1; Doc. 25-2; Doc. 25-3). On a Rule 12(b)(6) motion to dismiss, in addition to considering a complaint, the Court may also consider "any written instrument attached to [the complaint] as an exhibit[,] any statements or documents incorporated in it by reference[,] . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). The Court may take judicial notice of court documents. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (stating that courts may take judicial notice of court documents); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 502 n.1 (S.D.N.Y. 2016) ("In deciding a motion to dismiss under Rule 12(b)(6), a court can take judicial notice of court documents."). Accordingly, the Court takes judicial notice of these documents.

6

complaint alleges, *inter alia*, that Defendants failed to maintain accurate written records of hours worked and wages earned by Plaintiffs. (*Singh I* Compl. ¶¶ 85-87). The *Singh III* complaint alleges that Defendants filed fraudulent tax forms that inaccurately reported the wages earned by Plaintiffs. (Compl. ¶¶ 22-39, 57-58). Accordingly, the claims in both actions derive from a "common nucleus of operative facts"—namely, Defendants' allegedly inaccurate record-keeping of Plaintiffs' earned wages. *Horti Americas, LLC v. Jacob's Vill. Farm Corp.*, No. 21-00915-CV, 2022 WL 38719, at *2 (2d Cir. Jan. 5, 2022) (courts "look to whether both lawsuits 'arise from the same transaction, or involve a common nucleus of operative facts.'"). Plaintiffs further argue that the claims in *Singh I* and *Singh III* require different forms of evidence and are based on different legal theories. (Pl. PMC Ltr. at 2). But Plaintiffs offer no valid reason why they could not have sought the requisite evidence (*i.e.*, Defendants' annual tax returns) or asserted the IRC legal theory in their first action. Indeed, this action is the classic attempt at claim splitting which the affirmative defense precludes.

Accordingly, the IRC claim asserted against Defendants Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc., is barred by the doctrine of *res judicata*.

II.     Defendant MH Mobil 300

With respect to Plaintiffs' IRC claim asserted against MH Mobil 300, Defendants argue that *res judicata* applies because MH Mobil 300 was in privity with the *Singh I* Defendants against whom Plaintiff obtained a judgment in *Singh I*. (Def. Br. at 6-10). Plaintiffs contest each of the three prongs of the *res judicata* analysis. (Pl. Br. at 4).

With respect to the first prong, the default judgment obtained by Plaintiffs in *Singh I* constitutes a final adjudication on the merits sufficient to invoke *res judicata*. *See Aghaeepour v.*

*N. Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 265 (S.D.N.Y. 2019); *see also Singh II*, 2024 WL 4169551 at *5.

Turning to the second prong, the primary issue extant on this motion is whether MH Mobil 300 was in privity with the *Singh I* Defendants. "*Res judicata* may apply even when the parties to the present action are different from the parties in the preceding action so long as the parties are in privity." *Id.* (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 B.R. 59, 73 (Bankr. S.D.N.Y. 2023)). "The principle of privity 'bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.'" *Id.* (quoting *Connelly v. City of St. Albans, Vermont*, No. 21-CV-00291, 2023 WL 1785566, at *3 (D. Vt. Feb. 6, 2023)). "[L]iteral privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285. The new party's interests need only be "adequately represented" in the initial action. *Id.*; *see also Kraus USA, Inc. v. Magarik*, No. 17-CV-06541, 2019 WL 4744772, at *4 (S.D.N.Y. Sept. 30, 2019).

The court in *Singh II* considered this exact issue of whether MH Mobil 300 was in privity with the *Singh I* Defendants. *See Singh II*, 2024 WL 4169551, at *6. Judge Seibel, after a thoughtful and well-reasoned analysis, found: (i) "there is no evidence that Plaintiffs did not know of [MH Mobil 300] at the time of *Singh I*"; and (ii) "[MH Mobil 300] ha[d] a sufficiently close relationship with the *Singh I* Defendants such that [it was] adequately represented in *Singh I*." *Id*. Accordingly, Judge Seibel concluded that privity exists between MH Mobil 300 and the *Singh I* Defendants. *Id*. The Court reaches the same conclusion here.

First, it is apparent that Plaintiffs were or should have been aware of MH Mobil 300 before filing *Singh I* on May 19, 2020. Plaintiffs' W-2 forms from 2019 and 2020, which are annexed to

the Complaint, identify MH Mobil 300 as Plaintiffs' employer. (Doc. 1-1). Also, Plaintiffs' paystub for the pay period ending on June 16, 2019, which Plaintiffs submitted in connection with the *Singh II* summary judgment motion, lists MH Mobile 300 as Plaintiffs' employer. (*Singh II* Doc. 43-4 at 2). Plaintiffs nevertheless maintain that at the time of filing *Singh I*, "all plaintiff was aware of was that they worked for a corporation by the name of Meadow Hill Mobil" and that they only obtained their W-2 forms after the filing of the *Singh I* complaint. (Pl. Br. at 5-6). But Plaintiffs do not support their opposition to this affirmative defense with citation to any evidence or an affidavit of a person with personal knowledge. Nor do Plaintiffs explain why they could not have identified MH Mobil 300 using public records, their W-2 forms, or paystubs. Therefore, in light of the documentary evidence to the contrary, the Court finds that MH Mobil 300 was either known or could have been known to Plaintiffs at the time of filing *Singh I*. The very documents which Plaintiffs annex to their Complaint shut the door on Plaintiffs' arguments to the contrary.

Second, the Court finds that MH Mobil 300 had a sufficiently close relationship to the *Singh I* Defendants to justify preclusion. "Courts have frequently found that 'corporate defendants and their directors, officers and large shareholders are in privity because of the identity of interests and close relationship between them.'" *Singh II*, 2024 WL 4169551 at *5 (quoting *Hellman v. Hoenig*, 989 F. Supp. 532, 537 (S.D.N.Y. 1998)). Here, Defendants Hazim and Ghadeer are alleged to be "officers, directors, managers and/or majority shareholders or owners" of MH Mobil 300. (Compl. ¶ 14). Given that Plaintiffs sought to hold Defendants Hazim and Ghadeer liable for wage violations in *Singh I*, Defendants Hazim and Ghadeer's interests were sufficiently "intertwined" with the interests of MH Mobil 300 such that in *Singh I* they adequately represented MH Mobil 300. *Singh II*, 2024 WL 4169551 at *6 (citing *Feitshans v. Kahn*, No. 6-CV-02125, 2006 WL 2714706, at *4 (S.D.N.Y. Sept. 21, 2006)).

To the extent Plaintiffs argues that MH Mobil 300 was not represented adequately in *Singh I*, that argument fails.[5] (Pl. Br. at 5). "[T]he requisite privity must be found in the substantial identity of the incentives of the earlier party with those of the party against whom *res judicata* is asserted." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). Plaintiffs do not identify a distinction between the incentives of MH Mobil 300 and those of Defendants Hazim and Ghadeer, its owners and/or directors. *See Singh II*, 2024 WL 4169551, at *6 (citing *Sterling Doubleday Enterprises, L.P. v. Marro*, 656 N.Y.S.2d 676, 677 (1997) (corporate officers, shareholders and directors were in privity with corporation, and *res judicata* bound them to corporation's default judgment, where their control of earlier litigation gave them the "opportunity to participate in the litigation of the case instead of permitting the entering of the default judgment.")). Accordingly, the Court finds that privity exists between MH Mobil 300 and the *Singh I* Defendants.

Finally, with respect to the third prong, "[t]he court's inquiry at this step focuses not on the technical cause of action brought, but rather on the broader question of whether the two claims arise from the same nucleus of operative fact." *Weir v. Montefiore Med. Ctr.*, No. 23-CV-04468, 2023 WL 5747642, at *4 (S.D.N.Y. Sept. 6, 2023) (quoting *Fried v. LVI Servs., Inc.*, 557 F. App'x 61, 64 (2d Cir. 2014) (summary order)). As discussed *supra,* the allegations in *Singh III* concern the same conduct during the same employment period at issue in *Singh I*, and, thus, could have been raised in their initial action. Plaintiffs offer no plausible explanation for their failure to assert

---

[5] While Plaintiffs' argument regarding inadequate representation was not raised in *Singh II*, Judge Seibel noted that "[a]ny such argument would fail" because "there is no distinction between the incentives of the parties in the two cases." *Singh II*, 2024 WL 4169551, at *6.

the IRC claims in *Singh I* (or even *Singh II*, which was brought against MH Mobil 300).[6] Plaintiffs' IRC claim against MH Mobil 300 is therefore barred under the doctrine of *res judicata*.

Accordingly, the motion is granted as to MH Mobil 300.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss as to Abujaber Hazim, Ahmed Ghadeer, and Meadow Hill Mobil, Inc., is GRANTED on the letter motion (Docs. 19-20) and Defendants' motion to dismiss as to MH Mobil 300 Inc., is GRANTED on the instant motion (Doc. 25).

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 25 and close this case.

**SO ORDERED.**

Dated:  White Plains, New York
        January 13, 2025

PHILIP M. HALPERN
United States District Judge

---

[6] The Court notes that *Singh II* undoubtedly provides an independent basis for the application of *res judicata* to MH Mobil 300. However, given that *Singh II* was resolved after the filing of these motion papers, Defendants did not assert this argument, and in light of the Court's ruling herein, the Court need not and does not consider the doctrine of *res judicata* based on *Singh II*.

11